## Cole, Adm'r. v. Parker et al.

Where property is seized under and by virtue of an attachment, the defendant may discharge the same, by giving bond and security for the delivery of the property to the sheriff, to satisfy any judgment that may be obtained in the suit; and this being the only mode provided by statute, in which the sheriff is authorized to release the property from seizure, he cannot take any other obligation or security from the defendant, in place of levying the writ, neither to save himself harmless from the consequences of the failure to levy, nor for the payment of whatever judgment may be rendered in the suit.

Any agreement with, or security executed to, a sheriff or other officer, to induce him to omit the levying a writ, or the performance of any other

duty, will not protect the officer against the party at whose suit the writ issued; and the agreement or security being without consideration, so far as the officer is concerned, cannot be enforced by him, and whether in his hands or attempted to be enforced for his benefit, is utterly void.

In an action on a bond executed to a sheriff, conditioned to hold him harmless, by reason of his not proceeding to attach property under a writ then in his hands, and pay whatever judgment may be rendered in the suit, against the principal in the bond, the petition averred that judgment had been recovered—that execution on said judgment, had been returned, "no property found"—and that by reason thereof the defendants had become liable to pay the amount of the said judgment. Demurrer to the petition sustained, and suit dismissed; *Held*, That the demurrer was properly sustained.

A bond or obligation taken by a sheriff, to induce him to omit the levying of a writ, or the performance of any other duty required by law, is not such a security, as the plaintiff in the writ, by adopting, can render valid. All such bonds are void, from considerations of public policy.

*Appeal from the Jasper District Court.*

WEDNESDAY, NOVEMBER 3.

Suit on a bond given by defendants to William Kromer, sheriff of Jasper county, in the penal sum of $2080,00, conditioned, "that, whereas, the said sheriff has a writ of attachment from the office of the clerk of the district court of Jasper county, Iowa, in a certain suit pending therein, wherein Willis P. Cole, administrator of the estate of Samuel K. Parker, deceased, is plaintiff, and the above bounden Mary Parker, is defendant, which said writ bears date April 21st, 1856, and commanded the sheriff to attach so much of the property of the said defendant, as shall secure the demand of the said plaintiff, which amounts to the sum of $1038,50. Now, if the said Mary Parker, shall well and truly see the said sheriff harmless, by reason of his not proceeding to attach property according to the terms of said writ, and pays whatever judgment may be rendered against her on the final hearing of said cause, then this obligation to be null and void, otherwise, in full force and virtue." The plaintiff avers that judgment was recovered against the said Mary Parker, in the said attach-

ment suit, for the sum of $1090,75; that execution on the judgment has been returned, "no property found"—and that by reason thereof, the said defendants have become liable to pay the amount of the said judgment. A demurrer to this petition was sustained, and the suit dismissed. Plaintiff appeals.

*Wm. H. Seevers*, and *Miller & Winslow*, for the appellant.

*Sennett & Wilson*, for the appellees.

STOCKTON, J.—A sheriff is to serve, or otherwise execute, according to law, and return all writs, and other legal process issued by lawful authority, and to him directed, or committed. Code, section 170. He is the officer constituted by law to execute the process of the court. It is not in his discretion whether to execute it or not. He is not allowed to provide for the plaintiff another remedy for the collection of his debt. His duty, when the process is placed in his hands, is simply to execute it with the utmost expedition, or as soon after it is received as the nature of the case will admit. Bacon's Abridgment, Title, Sheriff N.; *Denson* v. *Sledge*, 2 Devereux, 136. Such being the duty of the sheriff, any agreement to induce him to omit its performance, is void. Chitty on Contracts, 231. If a sheriff takes a bond, or promise, to keep him harmless in the doing of a lawful act, it is good; but if it be in the doing of that which he ought not to do, the bond, or promise, is void, and against law. *Blackett* v. *Crissop*, 1 Lord Raymond, 279.

The only mode in which the officer could obey the exigency of the writ, in this case, was by seizing the property of the defendant therein, in the mode prescribed by the statute. He must take the property into the custody of the law. Any agreement to omit the performance of this duty, as by permitting the defendant to retain the possession, and enjoy the use of the property levied on, after the seizure, is, at common law, illegal and void.

The defendant desiring so to do, may discharge the property from the attachment, by giving bond and security for the delivery of the same to the sheriff, to satisfy any judgment that may be obtained in the suit. This is the only mode pointed out by the statute, in which the sheriff is authorized to release the property from seizure. He cannot take any other obligation or security from the defendant, in the place of levying the writ; neither to save himself harmless from the consequences of the failure, nor for the payment of whatever judgment may be rendered in the suit. Should he do so, the act is without authority; the officer will not be protected against the party at whose suit the writ has issued; the agreement, or security, being without consideration, so far as the officer is concerned, cannot be enforced by him; and whether in his hands, or when attempted to be enforced for his benefit, is utterly void. *Winter* v. *Kinney*, 1 Comstock, 365.

The only consideration for the agreement of the defendants in this case, is the forbearance of the sheriff to execute the writ of attachment. This forbearance is only a good consideration, when moving from the party entitled to receive the debt forborne. The promise of any other person to forbear, is merely officious, and insufficient to support a promise.

The agreement sued on, bears a strict anlaogy to those agreements made with a sheriff, or other officer, to obtain an indulgence not authorized by law, to persons under arrest, or in contemplation of an escape. The taking, by such officer, from a party in custody an obligation, or security, not sanctioned by statute, for the ease and favor of the prisoner, and as an indemnity for a breach of duty on the part of the officer, has been uniformly held void, under the statute of 23 Henry VI., ch. 9, in England, at least when such agreement has been presented by the officer himself, or by others for his benefit—or when the attempt has been made to set up and enforce it for his relief or protection. *Winter* v. *Kinney*, 1 Comstock, 365; *Denson* v. *Sledge*, 2 Devereux, 136. At common law, independ-

Cole, Adm'r, v. Parker et al.

ent of statute, if the agreement made, or security taken *colore officii*, contemplates an indemnity for a'fraudulent escape of a party arrested; or for any act inconsistent with the duty of the officer, whereby either official oppression, or injury to the plaintiff in the suit, may result, such agreement, or security, is void. *Love* v. *Palmer*, 7 Johnson, 159.

In *Dole* v. *Bull and Porter*, 2 Johnson Cases, 239, it is said that the general rule seems to be, that a bond taken by the sheriff, to induce a less rigorous imprisonment, is good, if the indulgence be such as he would otherwise, consistently with his duty, be authorized to grant; but if it confer a privilege inconsistent with his duty, by which the object of the imprisonment, as a means to compel a satisfaction of the plaintiff's demand, may be impaired or defeated, the bond is illegal and void. It is then a bond for the ease and favor of the prisoner, and contrary to the statute.

The policy of the law in declaring void, agreements and securities not taken in conformity to the statute, when attempted to be set up and enforced by the officer, is to guard against official oppression on the one side, and a lax performance of duty on the other. *Winter* v. *Kinney*, *supra*. When a party is in custody, or when, as in this case, property is to be attached, and the officer, instead of taking the obligation for his release, or for the release of the property specifically prescribed by the statute, takes one at his own volition, more or less onerous to the prisoner, or to the defendant, he asserts, by virtue of his office, an illegal claim of right or authority to take it. He takes it *colore officii*, and although such agreement or security may lawfully be taken by the party at whose instance the arrest or seizure is made, it cannot be taken by the officer; *Rogers* v. *Reeves*, 1 Term R., 422; *Fuller* v. *Prest*, 7 Term Rep. 109. So, a party may consent that the prisoner may go at large, on a deposit of money to discharge the debt; or dispensing with the bail bond, may accept his own, or the undertaking of another, that he will appear; but in these

cases, the officer must not be a party in any way beneficially interested in the agreement or security. See authorities above cited.

It is not to be understood, however, that an officer can take no security, unless it be a security authorized by statute. In *Burrell* v. *Acker*, 23 Wend., 606, the plaintiff as sheriff, had levied an execution on property of one Jones, and permitted the same to remain in possession of Burrell, on his written agreement, to deliver the same on request, or in default thereof, to pay and satisfy the amount to be levied on the execution. It was held that the agreement was valid, though not sanctioned by any statutory enactment:—that the words " color of office" necessarily imply an illegal claim of right or authority to take the security, or to do the act in question, by virtue of his office, which claim is a mere color or pretence on the part of the officer. Taking a security *by virtue of his office*, implies that the act is lawful either by the common law, or by authority of some statute—taking a security by *color of his office*, necessarily implies that the act is unlawful and unauthorized, and that the legal right to take it, is a mere color or pretence; and the court held that as there was nothing in the bond declared on, which, even by implication, deprived the sheriff of the power to take the property, and sell it to satisfy the execution, or to return it to the defendant in execution, if he should think proper to pay the debt without a sale, he was entitled to recover on the agreement.

If a sheriff, on an arrest, takes a note or draft, as security, it is illegal, and its transfer is void ; and if taken without the plaintiff's assent, it is no payment or satisfaction of the judgment. *Strong* v. *Tompkins*, 8 Johnson, 98 ; *Bank of Orange Co.* v. *Wakeman*, 1 Cowen, 46 ; *Mumford* v. *Armstrong*, 4 *Ib.*, 553.

It is said, however, that if the plaintiff treat the transaction as a payment, the sheriff, or the plaintiff, may recover on the security. Crocker on Sheriffs, section 166. And

it may be inquired, why the plaintiff in this case, may not adopt the security given to the sheriff, and thus make it a valid obligation as to the defendants.

The undertaking of the defendants, is both to save the sheriff harmless by reason of his not proceeding to serve the writ of attachment, and to pay whatever judgment might be recovered in the attachment suit.   It is held in *Denson* v. *Sledge*, 2 Devereux, 136, that there is no difference in principle, between the undertaking to indemnify the sheriff, and the promise to pay the amount of the judgment ;—and that they are the same undertaking, the consideration of which is the omission of the officer to discharge his duty.   The promise to pay, as well as the promise to indemnify, was the inducement to the sheriff, to omit that which the process commanded, and the law obliged him to do, and both are void.   It is very evident that if by omitting to levy the writ of attachment on the property of the defendant therein, the sheriff has been the cause of the debt being lost, the present suit is prosecuted on the agreement and security taken by him, no less for his own benefit, than for the benefit of the plaintiff.   Such being the case, neither party can recover upon it.   It is not such a security, as that the plaintiff, by adopting it, can render it valid.   All such bonds are held void from considerations of public policy.

Judgment affirmed.