Cass County 🙾. Beck & Co.

---

CASS COUNTY *et al.* v. BECK & CO.

Taxes: COLLECTION: DISTRESS AND SALE: ABANDONMENT UPON PROMISE TO PAY: PROMISE VOID. Where it is the duty of the county treasurer to proceed to collect a delinquent tax by the distress and sale of chattels, and he has begun to do so, but desists on account of the promise of the purchaser of the chattels that he will pay the tax, such promise is void and cannot be enforced, because the consideration of it—the abandonment of an official duty—is illegal. (Compare *Cole v. Parker*, 7 Iowa, 168.)

*Appeal from Cass District Court.*—HON. H. E. DEEMER, Judge.

FILED, JANUARY 17, 1889.

ACTION by the county of Cass and its treasurer to recover the amount of a tax, for the payment of which the defendants are alleged to be liable. Judgment was rendered in favor of defendants for costs, and plaintiffs appeal.

*John W. Scott,* for appellants.

*Walker & Crosthwait,* for appellees.

ROBINSON, J.—The petition alleges that in the year 1885 the firm of Shields & Temple were engaged in Atlantic in the business of manufacturing and selling tobacco and cigars, and that in said year they were assessed, on account of personal property used in their business, in the sum of eight hundred dollars ; that on or about the first day of April, 1886, an arrangement was made between said firm and defendants, whereby the latter became the owners of the stock, fixtures, book-accounts and all the property of Shields & Temple pertaining to said business ; that while the negotiations for the sale of the property were pending, the taxes levied on said assessment being due and unpaid, the treasurer of Cass county was proceeding to assert the debt for taxes and interest against Shields & Temple, and to make the same out of said property, when, in order to have the treasurer " to not make distress of said property for taxes and interest," defendants did then and there verbally assume and agree to pay said taxes and interest ; that defendants have refused to pay the amount thereof, and that the same is now due ; and judgment therefor is asked. A demurrer to the petition was sustained, and, the plaintiffs refusing to further plead, judgment was rendered in favor of defendants.

The amount in controversy being less than one hundred dollars, the district judge certified to this court two questions of law, only one of which do we find it necessary to determine. That is stated as follows : "(1) Where taxes are due on personal property, and the county treasurer is about to enforce collection thereof by distress and sale of property, can said treasurer accept the promise and agreement of a party or person negotiating for and about to become interested in or owner of the property, to pay said taxes, and suffer the property to go without distress and sale, and is such promise and agreement to pay said taxes valid and binding on the promisor?"

It will be noticed that there is no suggestion in the record that the interests of the county, or those interested in the tax, were to be in any manner promoted by the alleged agreement of defendants. Section 859 of the Code requires the county treasurer to proceed to collect delinqent taxes by distress and sale of the personal property of the delinquent tax-payer. This was what the treasurer had commenced to do in this case. So far as is shown by the record, the property of Shields & Temple, in an amount sufficient to satisfy the tax, was available, and within the power, if not under the control, of the treasurer. The question presented for our determination, therefore, is whether a valid agreement can be made with the treasurer to induce him to abandon the discharge of an official duty. We think it is clear that such an agreement cannot be made. In *Cole v. Parker,* 7 Iowa, 168, this court held that a bond given to a sheriff to induce him not to levy a writ of attachment which had been placed in his hands for service was void. That decision is applicable to this case, and we are satisfied with the rule therein announced. Since the agreement between the treasurer and defendants was void, it cannot be made the basis of an action by the county. The judgment of the district court is

AFFIRMED