## BRULE COUNTY v. KING.

1. Where the only method of collecting personal taxes authorized by the statute is by distress and sale, they are not recoverable by action, since they are not debts.

2. Where the collection of personal taxes is about to be enforced by distress and sale, and an agreement is entered into with the debtor whereby the property seized is released, and his liability and the liability of the property seized are to be determined by a court, an action brought under the agreement is an action to recover the taxes, notwithstanding the agreement is set forth in the complaint.

3. Where the collection of personal taxes is about to be enforced by distress and sale, which is the only method authorized by statute, an agreement

entered into whereby the property seized is discharged, and the debtor agrees to submit the question of his liability and the liability of the property seized for the payment of the taxes to the determination of a court, is void and cannot be enforced, since no method can be substituted for the statutory method.

(Opinion filed November 18, 1898.)

Appeal from circuit court, Brule county. Hon. FRANK B. SMITH, Judge.

Action by Brule county against Martin K. King to recover personal taxes. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*S. H. Wright,* for appellant.

*Edwin Greene,* and *Geo. H. King,* for respondent.

CORSON, P. J. This is an appeal from an order sustaining a demurrer to the complaint, and from a judgment entered thereon. The demurrer was interposed upon the following grounds: (1) That the court has no jurisdiction of the subject of the action; (2) that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff alleges in its complaint "(2) that for the following named years the following amounts of personal taxes had been duly and legally levied, had accrued, and remained unpaid upon the tax books of plaintiff county, for state, county, city and school purposes, against said defendant, on the 23d day of January, 1896, to-wit." The taxes for the years from 1886 to 1894, inclusive, are specified, aggregating over $200. It is further alleged that these respective sums, with interest and penalty, were still wholly unpaid. It then alleges: That on the 3d day of Jan-

uary, 1896, the treasurer of Brule county seized and took into his possession the steamboat Last Chance, of the value of $2,-000, the property of the defendant, and advertised it for sale to pay said taxes, penalty and interest. That afterward, on January 30th; and after the aforesaid property had been seized and advertised for sale by said county treasurer, M. J. King, J. L. King, and J. H. King having on or about said last-mentioned day libeled said steamboat in the United States district court for the district of South Dakota, the same was seized and taken into possession by the United States marshal, under process from said district court. "(4) That subsequently, to-wit, on the 29th day of February. 1896, the said defendant desiring to release his said steamboat, with her appliances, equipments, etc., from the proceedings commenced as aforesaid in the United States district court, which were then still pending in said court, for a good and valid consideration made and entered into a contract and stipulation in writing with the plaintiff county and its treasurer, whereby it was stipulated and agreed by and between him, the said defendant, and the said plaintiff that the said proceedings in the United States court might be dismissed, and the said steamboat and its attachments, equipments, etc., released from the custody of the United States marshal; and it was also, and as a part of said stipulation, agreed between said plaintiff and defendant that his liability, and the liability of said steamboat, and its tackle and attachments, etc., for the payment of said taxes, or any part thereof, might be submitted to the circuit court of said county of Brule for its decision touching the liability of said defendant and the said property to the payment of said taxes, and that said circuit court 'may determine such

liability for taxes, and that when such liability is fixed and established, and if it should be determined that any liability exists, either in whole or in part, that then and in that event the said Martin King will pay such sum as may be fixed and established, together with the costs of such action and proceeding as may be taken.'" The fifth and sixth paragraphs of the complaint are as follows: "(5) Plaintiff further shows unto the court that the distinct understanding and agreement between the plaintiff and the defendant was that if said taxes, or any portion of the same, should be held to be a legal charge against the said defendant or his said property, that he should be held liable by an action to be brought in this court; and plaintiff now charges that each and every of the sums set forth in paragraph 2 of this complaint, with the interest and penalties prescribed by law, were due, payable and legal charges against the said defendant and his property on the said dates set forth in paragraphs 3 and 4 of this complaint, and that such sums had become a valid lien on said steamboat, its attachments, boats. tackle, etc., by virtue of the seizure, distraint and levy hereinbefore set forth, and that such lien was preserved and kept intact in the United States district court in the aforesaid libel proceedings, and that such lien was only released upon the distinct agreement that the defendant should be held personally liable for any such sum as might be found due by him, or on account of his property. (6) That prior to the commencement of this action demand was made upon the defendant to pay the said sum, with interest and penalties due, but that he refused to pay the same, or any part thereof, and the whole thereof is now due and unpaid." And the complaint concludes as follows: "Wherefore plainiff demands judgment

against the defendant for the several sums set forth in the second paragraph of this complaint, together with interest and penalties, prescribed by law for each amount from the time the same attaches, for such other and further relief as may be just and equitable in the premises, and for costs of action."

The respondent contends that the court had no jurisdiction, for the reason that taxes are not debts; and are not recoverable by an action in court, when the law has provided a speedy and summary remedy for their collection. In this contention the counsel for respondent seems to be sustained by the weight of authority. This court held in Iowa Land Co. v. Douglas Co., 8 S. D. 491, 67 N. W. 52, that taxes are not debts, within the ordinary meaning of that term; and that decision has been affirmed in the recent case of Danforth v. McCook Co. (11 S. D. 258) 76 N. W. 940. Taxes not being debts, no action can be sustained to recover them, in the absence of statutory authority therefor, express or implied. Such authority may be implied when no other remedy is provided by the statute. In speaking upon this subject, Judge Cooley says: "It has been shown that taxes are not debts, in the ordinary acceptation of that term, and that the statutory measures are to be resorted to for their collection. Generally, no others are admissible. But the remedy by suit may be given either directly or by implication If no specific remedy is expressly given, or only an imperfect or inadequate one, the presumption that a remedy by suit was intended is but reasonable." Cooley, Tax'n, 300; Black, Tax Titles, § 151; Perry v. Washburn, 20 Cal. 318; Board of Com'rs of Stafford Co. v. First National Bank of Stafford (Kan. Sup.) 30 Pac. 22; Detroit v. Jepp (Mich.) 18 N. W. 217; Corbin v. Young, 24 Kan. 199; Packard v. Tisdale, 50 Me. 376; Jones v. Gibson, 82

Ky. 561; Cave v. City of Houston, 65 Tex. 619; Water-Supply Co. v. Bell (Colo. Sup.) 36 Pac. 1102; Eyke v. Lange (Mich.) 51 N. W. 680.  In this state a summary and effective remedy is provided for the collection of personal property taxes, namely, by distress and sale.

The counsel for appellant, while not conceding the correctness of the contention of the respondent, claims that "the complaint proceeds upon the theory that the defendant made a written contract with relation to a matter of personal interest to himself, and, as a consequence, obtained the release of his property from a litigation which would necessarily have been expensive and troublesome." In other words, the appellant contends this is an action upon the contract.  But this contention is not tenable.  It is true, the contract for releasing the property from the levy by the treasurer is set out in the complaint, but the action is clearly to recover the taxes due.  The only object of setting out the contract between the plaintiff and defendant seems to us to have been to show that the parties had consented that the question of the right of the plaintiff to recover these taxes should be referred to the court, thereby conferring upon the court jurisdiction over the subject-matter by agreement between themselves.  But consent will not confer jurisdiction over the subject matter though it may over the person.  We are clearly of the opinion that the demurrer was properly sustained upon the first ground, and that the court ruled correctly in directing judgment to be entered in favor of the defendant, as no amendment can be made to the complaint that will bring the cause of action within the jurisdiction of the court.  If we were to take the view contended for by counsel for appellant,—that the action was in

fact brought upon the contract, and not for the delinquent taxes, as such,—the appellant would be in no better position, as the contract alleged is clearly illegal as against public policy. The law having imposed upon county treasurers the duty of collecting delinquent personal property taxes, and prescribed the method of proceeding to enforce such collection, they are not at liberty to substitute some other method, or to make any agreement to refrain from the performance of their duties in the manner so prescribed. The case of Cass Co. v. Beck, 76 Iowa, 487, 41 N. W. 200, is squarely in point upon this question. In that case the supreme court of Iowa says: ''Section 859 of the Code requires the county treasurer to proceed to collect delinquent taxes by distress and sale of the personal property of the delinquent taxpayer. This was what the treasurer had commenced to do in this case. So far as is shown by the rec ord, the property of Shields & Temple, in an amount sufficient to satisfy the tax, was available, and within the power, if not under the control, of the treasurer. The question presented for our determination, therefore, is whether a valid agreement can be made with the treasurer to induce him to abandon the discharge of an official duty. We think it is clear that such an agreement cannot be made. * * * Since the agreement between the treasurer and defendants was void, it cannot be made the basis of an action by the county. The judgment of the district court is affirmed." The contract set out in the complaint being illegal and void as against public policy, the complaint fails to state facts sufficient to constitute a cause of action upon the contract. The order and judgment of the cir cuit court are affirmed.

HANEY, J., dissenting.