## UNITED STATES v. CONVERSE COOPERAGE CO. et al.

### No. 36994.

District Court, N. D. Illinois, E. D.

June 18, 1930.

George E. Q. Johnson, U. S. Atty., of Chicago, Ill. (John P. Barnes, of Chicago, Ill., of counsel), for the United States.

Defrees, Buckingham, Jones & Hoffman, of Chicago, Ill. (Wilfred M. Doherty, of Chicago, Ill., of counsel), for defendant Globe Indemnity Co.

Walter W. Ross, Sr., of Chicago, Ill., for defendants Converse Cooperage Co. and Yocona Cooperage Co.

LINDLEY, District Judge.

The Globe Indemnity Company, as surety, and the Converse Cooperage Company and the Yocona Cooperage Company, as principals, defendants in a suit upon a bond executed in the capacities aforesaid, demurred to plaintiff's declaration.

Under the averments of the declaration on April 15, 1921, the principals filed their tentative, and on December 12, 1921, their final consolidated corporation income and profits tax return for the year 1920. On the latter date they filed with the collector also a claim for abatement of all of the tax shown on the final return, except an installment paid when they filed the tentative return. Upon the filing of the claim in abatement, in order to delay or stay the collection of the tax shown upon the return, the principals filed the bond, which is the basis of the present suit. It was conditioned upon the payment by the principals, upon notice and demand, of such tax as the Commissioner of Internal Revenue, after consideration of the claim in abatement, should find to be due. Collection of the tax was delayed by the collector of internal revenue until after the Commissioner of Internal Revenue had considered the claim of abatement and rejected it on November 2, 1926. On January 7, 1927, notice and demand for payment was served upon the principals in the bond, and payment not being made, suit resulted.

Defendants' grounds for demurrer are: First, that there was no statutory authority for the acceptance of the bond, and that the same is therefore void; second, that the bond was obtained by duress, and is therefore void; and, third, that the bond is conditioned for the payment of the tax determined by the commissioner to be due; that under the statute the commissioner in case of a consolidated return must assess the same upon the respective affiliated corporations in such proportions as may be agreed upon, or in the absence of such agreement, upon the basis of the net income properly assignable to each; that this action not having been taken, and the tax having been assessed jointly for the gross sum, no legal assessment has been made, and no breach of the bond has accrued; and that the action is therefore premature.

■ There was no specific statutory authority for the collector of internal revenue to accept the bond sued upon. But in United States v. Tingey, 5 Pet. 115, 8 L. Ed. 66, the Supreme Court had before it a bond executed by a purser in the Navy under the statute that provided for the giving of such bond conditioned to perform the duties of purser. The bond there before the court contained conditions other than those prescribed by statute, and the question submitted to the court was whether a bond voluntarily given, containing a condition variant from the condition specifically prescribed by Congress, is valid. The court held that a voluntary bond, taken by authority of the proper officers of the Treasury Department to secure the fidelity in official duties of an agent in the disbursement of public money, is a binding contract between him and his surety on the one hand, and the United States upon the other, although such bond may not be prescribed or required by any positive law; that the right to take such a bond is an incident to the duties of such a department; and that the United States having a political capacity to take it, the court could see no objection to its validity in a moral or legal view.

In Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 688, 41 L. Ed. 1119, the court had before it a bond executed by a disbursing officer of the War Department, for the exaction of which and the acceptance of the same by the Secretary of War there was no statutory authority. There the defendant alleged that there being no statute or regulation directing or permitting the exaction of a bond, in such a situation the bond was void. The court reaffirmed the doctrine in the case

first cited, and held the bond valid, saying: "The consideration or the condition of the bond must not be in violation of law; it must not run counter to any statute; it must not be either malum prohibitum or malum in se. Otherwise, and for all purposes of security, a bond may be valid, though no statute directs its delivery." To the same effect is the case of United States v. Bradley, 10 Pet. 343, 9 L. Ed. 448.

Under sections 3218 and 3220 of the Revised Statutes, as amended by section 1316 of the Revenue Act of 1918 (26 USCA §§ 147, 149 and § 149 note), the Commissioner of Internal Revenue is authorized, subject to regulations prescribed by the Secretary of the Treasury, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected. The collector is charged with the whole amount of taxes, and credited with all payments into the treasury, with the amount of taxes transferred to other collectors, and with the amount of taxes of such persons as may have absconded, or become insolvent. Apparently it is the purpose of the law to give to the Commissioner of Internal Revenue wide authority in the matter of collecting, rebating, and refunding taxes, subject to the right of the Secretary of the Treasury to make regulations. The Revenue Act of 1918 (40 Stat. 1057) contains no specific provision requiring the filing of claims in abatement. The filing of such matters was left to regulation by administrative rules.

The conclusion is that Congress has tacitly approved of the exercise of discretionary administrative power in the collection and abatement of taxes. Just as the Secretary of the Treasury in the case of United States v. Tingey, and the Secretary of War in the case of Moses v. United States, were held to be representatives of the sovereign, who might in the administration of their office properly accept bonds, for which there was no statutory authority, so the Secretary of the Treasury and the Commissioner of Internal Revenue in this case charged with the collection, abatement, and refunding of revenue, and impliedly, at least, vested by Congress with wide discretion in the procedure of performing his administrative duties as a representative of the government, had the right to accept with the claim for abatement a bond conditioned for the payment of the tax if the claim should thereafter be denied

and the tax assessed. Such action upon the part of the principals in giving the bond, and of the commissioner in accepting the same, relieved the collector of taking such steps as might be necessary to protect her liability to the government for the taxes shown by the return, protected the taxpayer against vigorous immediate action to collect the tax, which the collector, in view of her liability to the government, might have felt impelled to take, and worked only an advantage to both parties. It furnished an opportunity for the commissioner to take sufficient time carefully to review the tax return and the claim for abatement without endangering the chance of recovery of the tax; it relieved the taxpayers of the probable necessity of paying the tax and filing a claim for refund. No good reason occurs to this court why such contracts made with the government in its sovereign capacity should not be sustained as valid contracts.

Nor can the court say from the averments of the declaration that any duress was involved in the alleged exaction and acceptance of the bond in question. As the Supreme Court said in the case of Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 688, 41 L. Ed. 1119: "We think the bond was a voluntary bond in the sense that it was not illegally extorted from the defendant Howgate under color of office, or by threats from a superior officer; that the United States, through the secretary of war, had the right to demand a bond with conditions such as the bond in question contains; and that it did not cease to be a voluntary bond merely because Lieut. Howgate did not gratuitously and without request proffer it, and ask that it be received, or because he was reluctant to give it, and only gave it upon the demand of the secretary." Nothing appears in the averments of this declaration to show that the bond in question was given under any circumstances other than those surrounding a voluntary transaction. If there be facts which prove that the bond was obtained by duress, they must be pleaded and proved as a matter of defense.

Such must be the conclusion also as to the contention that this action is premature; that the Commissioner of Internal Revenue has erroneously failed to comply with the statute in denying the claim for abatement and ordering assessment. If he has failed to comply with the statute as to allocation of the tax, that fact constitutes matter of defense. The court is not at liberty to go behind the averments of the declaration to the effect that the assessment was duly made; or to read into the declaration an averment that the commissioner did not properly allocate the tax among the two principals.

Accordingly, the demurrer will be overruled.