## UNITED STATES v. CLARK et al.

### No. 6341.

District Court, W. D. Pennsylvania.

Jan. 26, 1933.

Louis E. Graham, U. S. Atty., for Western District of Pennsylvania, and John A. McCann, Sp. Asst. to U. S. Atty., both of Pittsburgh, Pa., C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and A. T. Clark, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for the United States.

Walter W. McVay and Donald Thompson, both of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The United States has brought an action against the defendants upon a bond given to secure the payment of the last installment of the income tax of Charles H. Clark for the fiscal year ending May 31, 1920, with a 5 per cent. penalty and interest thereon from May 15, 1921, which amount was recited by the bond to be due the United States. The condition of the bond is as follows:

"Now the condition of the above obligation is such: That if the above bounden Charles H. Clark and the National Surety Company, their heirs, executors, administrators and assigns shall and do well and truly pay or cause to be paid unto the said United States of America, its attorney, agents or assigns, as aforesaid, the just sum of Six hundred sixty-eight and nineteen hundredth ($668.19) Dollars, with a Five (5%) per cent. penalty now due and interest thereon from May 15th, 1921, without any fraud or further delay, then this obligation is to be void, otherwise it is to remain in full force and virtue."

To the statement of claim setting up the breach of the bond, the National Surety Company, on behalf of itself and the defendant Charles H. Clark, has filed an affidavit of defense wherein the execution and delivery of the bond to the Collector of Internal Revenue is admitted, and also the refusal to pay the amount claimed thereunder, but wherein it is denied that the principal amount, penalty, and interest set forth therein are owing to the plaintiff and that the condition of the bond has been breached. The affidavit of defense further sets up the statute of limitations against the claim of the United States for the tax recited in the bond, that the bond is a nullity for want of consideration, and that the Collector of Internal Revenue, under the Revenue Act of 1921 (42 Stat. 227), in force at the time of

the execution of the bond, was limited to the acceptance of a bond for an extension of payment of taxes not to exceed eighteen months from November 23, 1921, the date of the passage of the act of 1921. The surety company also further avers that the bond was given to indemnify the plaintiff against loss by reason of the extension of time and that no recovery may be had because the plaintiff has not suffered loss as "Charles H. Clark, at the time of the giving of the bond was unable to pay the tax which he owed."

■ If this suit were an action for the recovery of the tax in question, as such, unquestionably the affidavit of defense would be sufficient because the statutory period for such action has expired. The present action, however, is one to recover an amount which defendant undertook to pay; that such amount was based upon an amount of tax admittedly due is of small moment here. By execution and delivery of the bond and acceptance thereof by the United States, the claim upon the bond was substituted for the claim based upon the statutory right to recover tax due. In other words, the statute of limitations applicable to the beginning of actions based upon taxes due does not apply to actions based upon bonds under seal.

■ No direct statutory authority exists for the acceptance of this bond by the Collector of Internal Revenue. The main question for determination under the present motion for judgment is as to the legal force of a bond conditioned as is that in the instant case, in the absence of specific statutory authority therefor. Passing by the fact that the instrument is under seal and a proper consideration presumed, sufficient consideration appears in the extension of time granted the taxpayer. Nor does it seem that any great weight exists in the contention that the bond was given to indemnify the United States merely against loss or damage occasioned by reason of an extension of time in which to pay the tax. The bond admits the indebtedness and is a direct obligation to pay.

■ As before stated, no statute specifically authorizes the delivery or acceptance of a bond such as that in suit. That fact does not invalidate the bond. The United States government, in its political capacity, has a right to enter into a contract, or to take a bond, in cases not previously provided by law. United States v. Tingey, 5 Pet. 115, 8 L. Ed. 66. It has ratified the act of the Collector in accepting the bond in suit by the present action upon it. Miami Valley Fruit

Co. v. United States (C. C. A.) 45 F.(2d) 303. Also United States v. Bradley, 10 Pet. 343, 9 L. Ed. 448. Practically parallel with the instant case is United States v. Converse Cooperage Co. (D. C.) 42 F.(2d) 227, wherein a bond given to secure the payment of taxes was held to be valid although given pursuant to no statutory provision.

■■ It was urged upon argument that the instant bond was void because obtained by duress. No facts indicating duress have been recited in the affidavit of defense and therefore no claim of its existence in argument can be of any avail in support of the affidavit of defense. Even if the verbal allegations of argument were read into the pleading, such claims would be insufficient. In proceeding by distraint, or by threat of distraint, to collect the tax admittedly due, the Collector was acting legally and such action forms no basis for a claim of duress in accepting a bond for the purpose of extending the time for payment of the taxes. Burnet v. Chicago Railway Equipment Co., 282 U. S. 295, 303, 51 S. Ct. 137, 75 L. Ed. 349, and Miami Valley Fruit Co. v. U. S., supra.

■ In the instant case the taxpayer voluntarily admitted that the tax claimed by the government was due, and secured, by means of the bond in suit, an extension of time sufficient to preclude the government from proceeding for its collection by distraint or other method. Under such circumstances, defendants are estopped from asserting invalidity of their obligation.

We are of opinion that the affidavit of defense does not set up any legal or valid defense to the plaintiff's claim, therefore judgment will be entered against defendants upon plaintiff's motion.