554

## UNITED STATES v. ZWEBEN et al.

District Court, S. D. New York.

July 10, 1935.

Martin Conboy, of New York City (by Leon E. Spencer, of New York City), for the United States.

Julius M. Jacobs, of New York City, for defendant David Wolper.

BONDY, District Judge.

This is a motion for judgment on the pleadings and summary judgment in an action against the principal and sureties on a bond given to a collector of internal revenue, in reliance upon which he granted an extension of the time within which to pay an income tax installment from June 15, 1930, to October 1, 1931.

The only answer was interposed by David Wolper, one of the sureties, who admits the execution of the bond, but alleges that he affixed his signature "without remuneration or fee," and that plaintiff failed to notify him of the taxpayer's default for thirteen months, during which time taxpay-

er became insolvent, and therefore asks for the dismissal of the complaint.

■ The moving affidavit establishes that on October 1, 1931, the date of the default, the Replow Realty Corporation, one of the sureties on the bond, and of which the defendant David Wolper was president, sent the collector a certified check for $500 in a letter in which the corporation requested a further extension of one year for the payment of the tax and promised to liquidate the tax by installment of $500 every month. The affidavit also states that acting in reliance on this letter and on the receipt of several installments from the sureties, the plaintiff delayed giving notice or making demand on the taxpayer until October 18, 1932, and upon the sureties until November 9, 1932. Under these circumstances the defense of delay in giving notice must be held to be sham. In fact, it is not relied on in defendant's brief in which the only contention is that the complaint does not state a cause of action.

■ The defendant contends that the bond is void, and denies liability because the extension was not granted by the Commissioner of Internal Revenue but by the collector and because the extension was granted for more than six months.

Section 56 (c) of the Internal Revenue Act of 1928 (26 U.S.C.A. § 56 and note) provides that an extension of the time for the payment of income tax may be granted by the commissioner for periods not exceeding six months from the date prescribed for any payment. Bonds generally, however, have been enforced in cases where extensions were for too long a period or lacked the approval required by statute [United States v. Clark (D.C.) 3 F.Supp. 375; Miami Valley Fruit Co. v. United States (C.C.A.) 45 F.(2d) 303. Compare United States v. Rubin (D.C.) 227 F. 938, 941], upon the principle that a bond which deviates from the statutory form is not void but may be enforced as a common-law bond. See United States v. Tingey, 5 Pet. (30 U.S.) 115, 8 L.Ed. 66; United States v. Converse Cooperage Co. (D.C.) 42 F.(2d) 227.

It has also been said that sureties having accepted benefits are estopped from availing themselves of the defense of illegality. See Miami Valley Fruit Co. v. United States, supra, 45 F.(2d) 303, page 306. Compare Indemnity Insurance Co.

v. United States (C.C.A.) 74 F.(2d) 22, 24; United States, to Use of Hine, v. Morse, 218 U.S. 493, 511, 31 S.Ct. 37, 54 L.Ed. 1123, 21 Ann.Cas. 782.

And another theory is that the unauthorized action of the collector has been ratified by the United States by its action in bringing suit on the bond. See United States v. Clark, supra, 3 F.Supp. 375, at page 376.

█ A contract, even if considered illegal (see Moses v. United States, 166 U.S. 571, 586, 17 S.Ct. 682, 41 L.Ed. 1119), will be enforced in favor of the parties for whose particular benefit the law rendering the contract illegal exists. See Williston on Contracts, § 1217; American Law Institute, Restatement of the Law of Contracts, § 601, illustration No. 2; 13 C.J. 500.

The motion for judgment accordingly is granted.