UNITED STATES v. FIDELITY & DEPOSIT CO. OF MARYLAND.

No. 7339.

Circuit Court of Appeals, Ninth Circuit.

Oct. 23, 1935.

Rehearing Denied Dec. 20, 1935.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Wm. H. Boyd, and S. Dee Hanson, Sp. Assts. to Atty. Gen., for the United States.

Joe Crider, Jr., and Clarence B. Runkle, both of Los Angeles, Cal., for appellee.

Before WILBUR and GARRECHT, Circuit Judges, and NORCROSS, District Judge.

WILBUR, Circuit Judge.

This is an action by the United States on a bond given on February 24, 1931, by the Fidelity & Deposit Company of Maryland to the collector of internal revenue to secure the payment of two overdue installments of the internal revenue tax on income due from the Hellman Investment Company for the calendar year 1929; the tax not having been paid. Judgment was rendered for the defendant on demurrer, from which the government appeals.

The total tax was $235,920.30, the third installment of $58,980.07 was due September 15, 1930, and the fourth installment of the tax was due December 15, 1930. The collector was demanding payment and the taxpayer requested an extension of time to September 15, 1931. This extension was granted in consideration of the execution of the bond in question for the sum of $135,000, running to the United States as obligee, wherein it was agreed that the appellee, hereinafter called the "Surety Company," would pay the tax in the event that the Hellman Investment Company failed to do so. Having thus secured the desired extension, the taxpayer has failed to pay the tax, and the Surety Company defends upon the ground that the collector had no authority to grant the extension, and therefore that the extension was not effective, and consequently that there was no consideration for the bond although the collector in fact refrained from any at-

tempt to enforce the tax until after September 15, 1931. The complaint herein was filed August 22, 1932.

The contention of the Surety Company, sustained by the trial court is based upon section 56 (c) of the Revenue Act of 1928, c. 852, 45 Stat. 791 (26 USCA § 56 and note), which authorizes the Commissioner of Internal Revenue to "extend the time for payment of the amount determined as the tax by the taxpayer, or any installment thereof, for a period not to ' exceed six months from the date prescribed for the payment * * * thereof." That this provision limits the power of the Commissioner in the granting of extensions is not questioned. The appellee contends that this limitation also applies to the collector of internal revenue who is charged with the duty of collecting the tax after the tax roll leaves the hands of the Commissioner, or, rather, its contention is that the collector has no power to extend the time for the collection of the tax because he is charged with the duty of immediate collection, citing 26 USCA §§ 2, 14, 34, 102, 103, 104, and 2056, in support of this contention. Appellee states: "The underlying fallacy in appellant's entire position as set forth in its brief * * * is that the Collector of Internal Revenue has the power in the exercise of his own discretion to grant extensions of time for the payment of income taxes for such period as he may determine."

The validity of a bond given to a collector of internal revenue to secure the payment of a tax then due in consideration of further time to pay the tax has been repeatedly sustained. In a late case by this court we sustained such a bond. Hughson v. United States (C. C. A.) 59 F.(2d) 17, citing Roberts Sash & Door Co. v. United States (Ct. Cl.) 38 F.(2d) 716, 717, affirmed 282 U. S. 812, 51 S. Ct. 185, 75 L. Ed. 727; United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743. It is contended by the appellant and conceded by the appellee that officers of the United States may take bonds voluntarily given, and that such bonds are valid common law obligations. We quote from appellee's brief as follows: "We are entirely in accord with the first statement that the United States, or an officer thereof, may, notwithstanding the absence of statutory authority, take a bond voluntarily given, as a common law obligation," subject, it contends, to the exception that the act

guaranteed must not be "contrary to law or public policy." The rule is, of course, subject to this limitation, and the controversy is thus narrowed to the question of whether the extension is violative of law or public policy. See Moses v. United States, 166 U. S. 571, 17 S. Ct. 682, 41 L. Ed. 1119. It is contended by appellee that the duty of the tax collector to collect the tax and the restriction upon the Commissioner in the matter of extensions (section 56 (c), Revenue Act 1928, supra) establish the fact that the extensions granted by the collector were both violative of his legal duty and of the policy declared by Congress in regard to extensions. The power of the collector to take a bond running to the United States to secure the payment of a tax he is charged with the duty of collecting in consideration for delay in collecting the tax is well established, regardless of whether or not the tax is immediately due and collectible. See discussion of Supreme Court in Graham v. Goodcell; 282 U. S. 409, 422, 51 S. Ct. 186, 75 L. Ed. 415, as to a "voluntary stay" granted by the collector and recognized by Congress. In a recent well-considered case by District Judge Lindley, United States v. Converse Cooperage Co. (D. C.) 42 F.(2d) 227, 228, an action on such a bond was sustained. No such bond was authorized by the Revenue Act of 1918. The applicable rule is thus stated by Judge Lindley: "The conclusion is that Congress has tacitly approved of the exercise of discretionary administrative power in the collection and abatement of taxes. Just as the Secretary of the Treasury in the case of United States v. Tingey [5 Pet. 115, 8 L. Ed. 66], and the Secretary of War in the case of Moses v. United States, were held to be representatives of the sovereign, who might in the administration of their office properly accept bonds, for which there was no statutory authority, so the Secretary of the Treasury and the Commissioner of Internal Revenue in this case charged with the collection, abatement, and refunding of revenue, and impliedly, at least, vested by Congress with wide discretion in the procedure of performing his administrative duties as a representative of the government, had the right to accept with the claim for abatement a bond conditioned for the payment of the tax if the claim should thereafter be denied and the tax assessed."

This rule was followed by District Judge Gibson in United States v. Clark (D. C.) 3 F. Supp. 375, where it was claimed that under the Revenue Act of 1921 the extension of time that could be granted by the collector was eighteen months from November 23, 1921.

■■■■ District Judge Strum, in Coleman v. United States (D. C.) 5 F. Supp. 548, sustained the validity of such a bond given by the taxpayer to avoid a sale of property seized by the collector under distraint warrant. A very recent case by the Circuit Court of Appeals for the Fifth Circuit, written by Judge Sibley, Maryland Casualty Co. v. United States, 76 F.(2d) 626, holds that a bond given to the Commissioner of Internal Revenue for an extension of time to pay a tax is a good common-law bond, although the time given was beyond that authorized by statute, and the bond was not authorized by statute, except in case of a deficiency assessment (and for the purpose of the decision it was assumed that the tax was not a deficiency tax).

The appellee cites a number of decisions by state courts dealing with bonds given to various state officers such as tax collector: Hardesty v. Price, 3 Colo. 556; Packard v. Tisdale, 50 Me. 376; County Treas. Cass County v. Beck & Co., 76 Iowa, 487, 41 N. W. 200; Renfro v. Heard, 14 Ala. 23, 48 Am. Dec. 82; Hodsdon v. Wilkins, 7 Greenl. (7 Me.) 113, 20 Am. Dec. 347; Prewitt v. Garrett, 6 Ala. 128, 41 Am. Dec. 40; Cole Adm'r v. Parker, 7 Iowa, 167, 71 Am. Dec. 439; Tobacco Inspector Wright v. Gardner, 98 Ky. 454, 33 S. W. 622, 35 S. W. 1116; Jailor, Moore v. Allen and Grant, 3 J. J. Marsh. (26 Ky.) 612. These bonds were held illegal upon the ground that they were predicated upon an agreement of the officer in question to violate his duty in the premises. While a contract of a federal officer to shirk his duty in consideration of a bond might be held void on the same principle, the federal courts from an early date have assumed that an officer in the exercise of his duties might exact a bond in favor of the United States not required by statute and that such a bond was valid. Over one hundred years ago (1831) the Supreme Court said: "A question has been made * * * how far a bond voluntarily given to the United States, and not prescribed by law, is a valid instrument, binding upon the parties in point of law; in other words, whether the United States have, in their political capacity, a right to enter into a contract, or to take a bond in cases not

previously provided for by some law. Upon full consideration of this subject, we are of opinion, that the United States have such a capacity to enter into contracts. It is in our opinion an incident to the general right of sovereignty; and the United States being a body politic, may, within the sphere of the constitutional powers confided to it, and through the instrumentality of the proper department to which those powers are confided, enter into contracts not prohibited by law, and appropriate to the just exercise of those powers." United States v. Tingey, 5 Pet. (30 U.S.) 115, 127, 8 L.Ed. 66. A bond to pay taxes is a new obligation. See United States v. John Barth Co., supra, and cases cited therein with approval; United States v. Onken Bros. Co. (D. C.) 23 F.(2d) 367; Gray Motor Co. v. United States (C. C. A.) 16 F.(2d) 367; United States v. Rennolds (D. C.) 27 F.(2d) 902; McCaughn v. Philadelphia Barge Co. (D. C.) 27 F. (2d) 628. Note, United States v. United States F. & G. Co. (C. C. A.) 221 F. 27; Raymond v. United States, Fed. Cas. No. 11,596. See, also, Gulf States Steel Co. v. United States, 287 U. S. 32, 53 S. Ct. 69, 77 L. Ed. 150; United States v. Wyoming Central Ass'n (C. C. A.) 70 F.(2d) 869; United States v. Calumet Steel Co. (C. C. A.) 74 F.(2d) 429. These considerations point with equal force to the estoppel of the Surety Company. See, also, as to estoppel, Florsheim Bros. Drygoods Co., Ltd. v. United States, 280 U. S. 453, 464, 50 S. Ct. 215, 74 L. Ed. 542, and Magee v. United States, 282 U. S. 432, 51 S. Ct. 195, 75 L. Ed. 442. The Surety Company is estopped to claim the invalidity of the bond.

Judgment reversed.