## UNITED STATES v. WOLPER et al.
### No. 106.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1936.

Julius M. Jacobs, of New York City, for appellant.

Lamar Hardy, U. S. Atty., of New York City (Richard Delafield, of New York City, Asst. U. S. Atty., of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge.

This is an action upon a bond executed by David Zweben as principal, and three sureties, of whom the appellant Wolper was one. The principal was indebted to the United States for an unpaid balance of the income tax assessed upon his return for the year 1929. Payment was overdue, and a warrant of distraint had been served upon him by the collector of internal revenue. To induce the collector to forego execution of the warrant and to delay collection the bond in suit was given on April 21, 1931. It recites that the principal has applied to the collector for an extension of time until October 1, 1931, within which to pay his 1929 tax liability, amounting to $4,513.27, plus additional interest until paid; and that the purpose of the bond is to enable Zweben "to avoid the immediate collection of an outstanding internal revenue tax liability as well as to insure the ultimate satisfaction of the same by the payment thereof." The bond bound the makers thereof to the United States in the sum of $6,000, and was conditioned upon the principal's satisfying the aforesaid tax liability with such legal additions thereto in the way of penalty and interest as might be due, by payment to the collector on or before October 1, 1931, "the due date as stated above." Subsequent to delivery of the bond, several small payments, the last on May 7, 1932, reduced the tax arrears to $3,190.78, plus interest. After unavailing demands for payment had been made upon the principal and sureties, the present action was brought against them on March 6, 1933. The defendant Wolper filed an answer, which was stricken out as presenting no defense. Summary judgment went against him, and he has appealed.

Upon this appeal the only attack upon the judgment is based on the contention that the bond was void because given for an illegal consideration. The consideration was postponement of collection of the tax and removal of the threat of distraint until October 1, 1931. It is urged by the appellant that the granting of such extension was contrary to the express provisions of the Revenue Act of 1928 (45 Stat. 791) as well as violative of the collector's duties.

The first contention is rested on section 56 (c) of the 1928 Act, 45 Stat. 809 (26 U.S.C.A. § 56 (c) and note), which authorizes the Commissioner, at the request of the taxpayer, to grant an extension "for a period not to exceed six months from the date prescribed for the payment of the tax or an installment thereof." By article 432 of Regulations 74 it has been ruled that application for an extension under this section must be made to the Commissioner on or before the due date of the tax or installment thereof. The argument is that this section, and the regulation interpreting it, expressly prescribe the terms upon which the Commissioner may grant extensions of time for payment of taxes assessed upon the taxpayer's return, and inferentially prohibit the granting of an extension by anyone other than the Com-

missioner, or any extension by the Commissioner himself for more than six months beyond the due date or on the application of a taxpayer who is in default. Even assuming that the authority of the Commissioner is so limited, we do not agree that the section has any application to collectors. The contention that it has was rejected in United States v. Fidelity & Deposit Co., 80 F.(2d) 24 (C.C.A.9). In our opinion, section 56 (c) is confined to extensions which may be granted prior to the time when the Commissioner certifies the assessment to the collector for collection and account, as provided in 26 U.S. C.A. § 102 (see 26 U.S.C.A. §§ 1530–1533). To determine the rights and duties of collectors after they receive the certified list of assessments, other provisions of the statutes must be looked to.

■ Therefore we pass to the second branch of the appellant's argument; namely, that the granting of the extension in question was beyond the collector's authority and violative of his duties. These are specified in 26 U.S.C.A. §§ 34, 103, 104 (see 26 U.S. C.A. §§ 1544 (a, c), 1744–1745, 1793 (b), 1541 (a), 1545); they are to see that all laws and regulations relating to the collection of taxes are complied with, to collect the taxes imposed by law, and to give notice to each person liable to pay any tax, and, if payment is not made within ten days, to collect the same with penalty and interest. Hence it is argued that the collector is a purely ministerial officer whose duty is to collect taxes which are due, and that he has no discretion to accept a bond for future payment in lieu of immediate collection, except where specific authority to do so can be found in the statutes, as in the case of jeopardy assessments. Section 273 (f), Revenue Act of 1928, 45 Stat. 855 (26 U.S.C.A. § 273 (f) and note). It must be conceded that there is no express statutory authority for the collector to accept a bond under circumstances like those at bar. But the inference that he is forbidden to do so does not necessarily follow. He is under no absolute duty to make distraint the instant the tax becomes overdue, for the statute merely says that "it shall be lawful for the collector" to distrain. 26 U.S.C.A. § 1580. His duty is to use diligence to collect, and in aid thereof he is given the power of distraint; but he is put under no duty to exercise the power instanter. Having some discretion in the exercise of the pow-

er, it would seem that he might agree to withhold its exercise for a reasonable period upon getting security for payment of the tax. Such an extension, far from contravening the policy of the revenue laws, would appear to be in aid of tax collection, when the taxpayer's immediate ability to pay is shaky. But however this may be, which we do not now decide, and even if it be assumed that the extension was unauthorized and not binding upon the United States, we have no doubt that the bond is valid and enforceable after its obligors have had the benefit of the extension and the United States has adopted the collector's act by bringing suit upon the bond. The precise point was decided in United States v. Fidelity & Deposit Co., 80 F.(2d) 24 (C.C.A.9), which collects the authorities.

The appellant asks us to refuse to follow this decision, and contends that many of the cases which it cites do not support it, because they concerned situations where either express or implied authority had been granted to the collector, by the applicable revenue act or the regulations promulgated thereunder, to accept the bonds and postpone collection of the taxes there involved. Whether or not this criticism is warranted we need not stop to consider, for the appellant admits, as it must, the correctness of Mr. Justice Story's dictum in United States v. Tingey, 5 Pet. 115, 128, 8 L.Ed. 66, to the effect that the United States may enter into a contract or take a bond, not prohibited by law, even though no statutory provision is made therefor. This was reaffirmed in Moses v. United States, 166 U.S. 571, 586, 17 S.Ct. 682, 688, 41 L.Ed. 1119, where it was said:

"The consideration or the condition of the bond must not be in violation of law; it must not run counter to any statute; it must not be either malum prohibitum or malum in se. Otherwise, and for all purposes of security, a bond may be valid, though no statute directs its delivery."

Hence the fact that no statute authorized the delivery or acceptance of the bond in suit would not invalidate it. The issue is restricted to whether it was taken in violation of law and whether its enforcement would be contrary to public policy. From the preceding discussion it is apparent that at most the bond was merely unauthorized. No statute forbad the collector to take it, and public policy favors its enforcement as it is in aid of collecting the

revenues. Compare Union Gold Mining Co. v. National Bank, 96 U.S. 640, 641, 24 L.Ed. 648; Am. L. Inst. Restatement, Contracts, § 601; Williston, Contracts, § 1632.

Judgment affirmed.