The opinion of the Court was drawn up by
Appleton, C. J.
The general rule is well established that the collector of taxes cannot compel their payment by suit except in those cases in which the right of action is given by statute. Andover Turnpike v. Gould, 6 Mass., 4; Crapo v. Stetson, 8 Met., 393; Shaw v. Peckett, 26 Vermont, 482.
If the plaintiff had paid the defendant’s taxes at his previous request, ho might have recovered the amount thus paid. So, if taxes are paid by mistake, by one not the owner of the land taxed, and the owner promise to pay, the promise and the benefit will be held equivalent to a previous request and the action will be maintained for their repayment. Nixon v. Jenkins, 1 Hilton, 318.
But, in the present case, the foundation of the plaintiff’s claim rests upon his omission to do his duty. It is the only consideration of the plaintiff’s promise. An agreement by a third person to indemnify an officer for neglecting his duty *378 in the service of a precept, being founded on an illegal consideration, is void. Hodsdon v. Wilkins, 7 Greenl., 113. So, a promise to deliver the debtor at a certain time, if the officer will not arrest him. "An express promise to indemnify him against the consequences of his own breach of duty,” remarks Parsons, C. J., in Denny v. Lincoln, 5 Mass., 385, " cannot be valid, neither will the law imply a promise on an illegal consideration.” So a bond given to an officer to induce him to do an act which the law requires of him as a part of his duty, is void. Mitchell v. Vance, 5 Monroe, 529. The consideration of the defendant’s promise was the plaintiff’s neglect to perform his duty.
Whether the collector may not still enforce the payment of the tax by arrest, is a question not now before us.

Exceptions overruled.'

Rice, Cutting, Davis, Kent and Walton, JJ., concurred.