### INHABITANTS OF EMBDEN *vs.* SAMUEL BUNKER.

### Somerset.    Opinion March 19, 1894.

*Taxes.    Town Officers.    Promissory Notes.*

A promissory note given to and accepted by a town treasurer in payment of a tax is without consideration and not collectible.

Such a transaction is illegal and void; it does not discharge the tax, and the note has no valid consideration to support it.

ON REPORT.

This was an action upon a promissory note as follows :

"Embden, July 2nd, 1891.

"Thirty days after date, for value received, I promise to pay the town of Embden, or order, one hundred and eighty dollars and 70-100, interest after.        Samuel Bunker."

The defendant is a resident of the town of Anson, owning real estate in the town of Embden.

The note in suit was given by the defendant to the treasurer of the town of Embden to pay taxes assessed upon his real estate as a non-resident owner. The taxes, upon the receipt of the note, were receipted for and discharged by the town treasurer.

The questions submitted were whether the town treasurer could lawfully receive such note; whether there was a legal consideration for it; and whether an action could be maintained thereon in the name of the town.

*B. S. Collins, Merrill and Gower*, for plaintiff.

*Walton and Walton*, and *S. S. Brown*, for defendant.

SITTING: PETERS, C. J., WALTON, LIBBEY, FOSTER, HASKELL, WISWELL, JJ.

WALTON, J. This is an action on a promissory note. The defense is want of consideration. The note was delivered to and accepted by the treasurer of the town of Embden in payment of taxes on the defendant's real estate. It is claimed in defense that the transaction was illegal and void; and, being illegal and void, that it did not have the effect to discharge the taxes; and the taxes not being discharged, that the note is without consideration and not collectible.

Ungracious as this defense may seem to be, we feel compelled to sustain it. Town officers can not be allowed to disregard the statutory modes of doing business and substitute ways of their own. The acceptance of promissory notes is not a lawful mode of collecting taxes. If one man can pay his taxes with a promissory note, all can. And let it once be understood that taxes may be thus paid, and the result could not be otherwise than disastrous to the finances of the town. Sound public policy forbids the introduction of such a practice. We hold that the transaction was illegal and void; and, being so, that it did not discharge the taxes on the defendant's real estate, and the note has no valid consideration to support it. *Packard* v. *Tisdale*, 50 Maine, 376.

*Judgment for defendant.*