LLOYD W. TOZIER, COLLECTOR *vs.* PAUL L. WOODWORTH.

Somerset.      Opinion, December 30, 1936.

*Harry R. Coolidge,* for plaintiff.
*Paul L. Woodworth,* pro se.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

DUNN, C. J.    In 1934, plaintiff was chosen, and qualified, as collector of taxes in the Town of Unity. A tax collector is a public officer, owing to the public and not to the town alone, the duties imposed by statute. *Thorndike* v. *Camden,* 82 Me., 39, 44, 19 A., 95. The assessments committed to this collector included a tax on certain land and buildings, title to which appears to have, since the levying of the tax, come, by conveyance from the record owner, to defendant.

The instant action is assumpsit, plaintiff suing in his official capacity, for breach of an alleged express agreement, on the part of the new owner of the real estate, to pay the amount of the imposition which, previously to transfer, had been laid against the property.

There is allegation in effect in the declaration in the writ, that over a stipulated period of time no longer existing, plaintiff, confiding in and relying on the promise of defendant, forbore all effort to collect the tax; and of violation by defendant of his aforesaid engagement.

On the case being reached for trial, a jury was waived, and hearing had before the court, Mr. Justice Worster presiding.

In paving the way for decision, which went for defendant, the Justice ruled, and held, in substance, that at all events, the undertaking by defendant was founded upon an illegal consideration, namely, omission by plaintiff, in contravention of public policy, to do his duty.

Specific exceptions are a vehicle bringing contention to the contrary forward.

The findings and rulings, mentioned before, aptly and correctly recite the situation in full aspect, and give reasons for conclusions reached below, as follows:

"This is an action on the case brought by the plaintiff, as collector of taxes of the town of Unity, against the defendant on his oral promise of May 14th, 1935 to pay the plaintiff the 1934 taxes on real estate, which had been assessed against the Unity Lake Land and Improvement Association, which promise was made after the real estate had been conveyed to the defendant by his parents by deeds dated August 6th, 1934, containing provisions to the effect that the defendant assumed and agreed to pay 'taxes, as known to the grantee.'

"Among other things it is, in effect, alleged in the plaintiff's declaration, that said 1934 taxes were assessed against the Unity Land & Lake Improvement Association, which was the owner of said land on April 1, 1934.

"But, according to the evidence, no taxes were assessed against it by that name. A tax, however, was assessed against

the Unity Lake Land and Improvement Association, and the name, last given, appears as the corporate name in the copy of a mortgage given by it, which was admitted in evidence.

"Whether the word 'Lake' should precede or follow the word 'Land' in the corporate name would not affect the identity of the corporation or the validity of the tax, so far as this case is concerned, if it should be made to appear that the corporation was known as well by the one name as the other. *Farnsworth Co.* v. *Rand*, 65 Me., 19, 23.

"At the Hearing, Mr. Knight, one of the assessors, was asked, 'Did you make an assessment to the Unity Lake Land and Improvement Association?'

"The defendant objected on the ground that it was not material. Asked by the Court to state the ground of his objection, the defendant said:

" 'This is a tax against a named defendant, and the tax collector is bound to sue those parties named in the book, and not any strangers. I have no connection with the Unity Lake Land and Improvement Association, and never did have.' He further said: 'I wish to have exceptions upon those points. The warrant tells him to collect the tax against the person named in the book, and my name is not in the book.'

"No objection was interposed based upon any alleged variance in the corporate name. The point not having been made, it is not now open to the defendant. Had the point been made at the hearing, the plaintiff would have had opportunity to offer evidence as to the corporate identity.

"The mere fact that there was no allegation of identity in the declaration would not have barred the plaintiff from establishing the contention that the corporation was known as well by the one name as the other, if it was so known. *Dodge* v. *Barnes*, 31 Me., 290; Approved in *Vumbaca* v. *West*, 107 Me., 130, 132; *Farnsworth Co.* v. *Rand*, supra.

"This point avails the defendant nothing.

"But, the defendant claims, and I find, that on April 1, 1934, this real estate was not owned by said corporation, by any name whatsoever.

"Plaintiff proved, however, that the taxes on said real estate were assessed against the Unity Lake Land and Improvement Association in the year 1933, and claimed that because of that fact the assessment was properly made against it in 1934, since no notice of change of ownership or occupancy had been given. Sec. 26, Chap. 13, R. S. Maine.

"Defendant, in reply, contends that on April 1, 1934 this corporation was 'defunct'; and that the cited statute did not authorize this assessment against a 'Defunct' corporation merely because the taxes had been assessed against it the previous year.

"The case of *Morrill* v. *Lovett*, 95 Me., 165, is not in point. It was there held that such a statute did not authorize an assessment of taxes against a dead man merely because the taxes on the same property had been assessed against him the year before.

"But it does not appear that this corporation has even yet been dissolved, so it cannot be said that it was 'dead' or 'defunct' on April 1, 1934.

"Evidence that the Unity Lake Land and Improvement Co. was, on September 2, 1925, excused from filing corporate returns, and that it has ceased to do business, falls far short of proof of dissolution, even if it should be conceded that it is the same corporation as the Unity Lake Land and Improvement Association.

"Merely ceasing to transact business does not work a dissolution. *Prop. of Baptist Meeting-House* v. *Webb,* 66 Me., 398.

"While no direct evidence was offered to identify the land described in the assessment books as being the same land described in the deeds to the defendant by words of description unlike the description recorded in said books, yet, since the defendant entered into negotiations with the plaintiff relative to the payment of these 1934 taxes without raising any objection as to the identity of the land, and does not raise the point in the record, it is fairly inferable, and for the purposes of this case, I find, that the land described in the assessment books is the same land described in said deeds to the defendant.

"But, even conceding that it is the same land yet this action cannot be maintained on the theory that the defendant became liable to pay this tax because of his assumption and agreement to pay, under the provisions in said deeds. Defendant did not therein assume and agree to pay *all taxes* which theretofore may have been assessed on said real estate, against all persons and corporations whatsoever. He only agreed to assume and pay *'taxes, as known to the grantee,'* spoken of as *'certain taxes'* in two of the three deeds to him. What taxes were they? The plaintiff offered no direct evidence that at the time the real estate was conveyed to the defendant, the taxes mentioned here were 'known to the grantee.' But even if it should be established that they were yet it is unnecessary to consider this aspect of the case further, because the plaintiff has not here declared on any alleged liability arising out of that undertaking.

"The plaintiff declares on the defendant's promise to him, of May 14th, 1935, to pay him this tax. He alleges in his declaration that 'the defendant did thereafterwards on May 14, 1935 promise the plaintiff that if he would wait until the fall of 1935 that he, the defendant, would pay said tax, and in reliance upon said promise the plaintiff did promise to and did, wait until the fall of 1935 for the defendant to pay said tax, but the defendant has neglected to do so.' This allegation the plaintiff proved.

"Moreover, defendant frankly admits that he made that promise, but, he says: 'I afterwards discovered that there was no tax laid against either of my parents but there was a tax which I believed to be absolutely illegal and void assessed against the corporation which was defunct. I could see no legal consideration for my promise, and for that reason I did not pay the tax. I made the promise under the understanding that there was an outstanding assessment against my grantors, and there was none.'

"In short, the defendant claims: (1) That there was no consideration for his promise; (2) But even if there were a valid consideration this action on the case cannot be maintained against him by the plaintiff in his capacity as tax collector.

"Was there a valid consideration for the defendant's promise of May 14th 1935?

"That the plaintiff waited until the fall of 1935 pursuant to his promise to do so, in reliance on the defendant's promise to the plaintiff to pay him, is not in dispute.

"But, mere forbearance to sue would not constitute a good consideration for the defendant's promise unless, at the time it was made, the plaintiff had a cause of action against the defendant on which the plaintiff might have maintained an action, either in law or equity. *Foster* v. *Metts & Co.*, 55 Miss., 77 ; *Palfrey* v. *R. R. Co.*, 4 Allen, 55.

"In *Packard* v. *Tisdale*, 50 Me., 376, the Court held that an action could not be maintained by a town collector upon a promise to pay him a tax in consideration that he would forbear to collect the same in the manner required by law, although by such neglect he became liable to account for the tax and actually paid it to the town. It was pointed out in that case that the only consideration for the promise was 'the plaintiff's neglect to perform his duty.'

"In *Embden* v. *Bunker*, 86 Me., 313, the Court cited *Packard* v. *Tisdale*, and held that there was no valid consideration to support a promissory note, given in payment of taxes.

"But, the plaintiff contends, that those cases are unlike the case at bar. There the promises were made by the tax debtor while in the instant case it was made by a purchaser of the land who was not the tax debtor. He relies on *Burr* v. *Wilcox*, 13 Allen, 269, where it was held that forbearance, at the request of the purchaser of the land 'especially if thereby the land became discharged of the lien,' constituted a good consideration for the promise of the purchaser to pay the taxes.

"In *Burr* v. *Wilcox* and in *Packard* v. *Tisdale* the plaintiff alleged, in effect, that relying on the defendant's promise he (the tax collector) forbore to seasonably enforce collection of the taxes and because thereof lost his tax lien on the real estate.

"There is no such allegation or claim in the instant case. Here the land was not discharged of any tax lien as a result of forbearance in reliance on the defendant's promise of May 14th, 1935.

"This was a non-resident tax; and the assessors' warrant to the tax collector is dated April 26th 1934. So the time to enforce a tax lien on the real estate under sections 28 and 72 of Chapter 14, R. S. Maine, and under the provisions of Chapter 244 of the Laws of Maine, 1933, had expired before the promise of May 14th 1935 was made.

"It is true, as above stated, that the defendant assumed and agreed to pay 'taxes, as known to the grantee'; but as already pointed out, when considering another aspect of this case, no direct evidence was offered by the plaintiff to prove that the taxes in question were 'known to the grantee' at the time of the execution and delivery of the deeds. To the contrary, the defendant testifying concerning the making of his promise of May 14th 1935 said: 'I made the promise under the understanding that there was an outstanding assessment against my grantors, and there was none.'

"But, even if it be conceded that the defendant then knew of the assessment of taxes against the Unity Lake Land and Improvement Association, and that the provisions in said deeds had reference to those taxes, yet the plaintiff, in his capacity as tax collector could not have maintained an action against the defendant on the undertaking assumed in said deeds. I do not rest this ruling on the lack of privity, as in the cases of *State ex rel. Cain Tax Collector* v. *Foote Lumber Co.* (La.), 135 So., 769, 771; and *Nehalem Timber &c. Co.* v. *Columbia County et al*, 189 Pac., 212, 191 Pac., 318; but on the broader ground, that, in this State, a tax collector, as such cannot maintain an action except when empowered by the statute so to do, as held in *Packard* v. *Tisdale*, supra. No statute in this State confers upon a tax collector authority to bring such an action as this.

"This ruling is not in conflict with the principles laid down in *Cumberland National Bank* v. *St. Clair*, 93 Me., 35, and cases therein cited. In those cases there was no limitation on the capacity of the plaintiff to sue, whereas, in the instant case there is a limitation on capacity of a tax collector to sue.

"Since, then, this plaintiff as tax collector, had no cause of action against the defendant at the time he made the prom-

ise of May 14th 1935, which could have been enforced, it follows, that the forbearance relied upon did not constitute a good consideration for the promise.

"But, even if there were a valid consideration for that promise yet this action cannot be maintained. The plaintiff has brought this action in his capacity as tax collector. As shown above, a tax collector, in this State, can only maintain such actions as are authorized by statute. It was so held in *Packard* v. *Tisdale*, supra. That was the rule applied in 1862, when a tax collector had but few remedies. With much greater reason should the rule be now applied, since additional statutory remedies have been conferred upon him. No statute authorizes or empowers him to bring such an action as this, therefore he cannot recover. It is unnecessary to consider the other points which were argued.

"This ruling is not in conflict with *Burr* v. *Wilcox*, 13 Allen, 269, relied on by the plaintiff, because there the right of action was conferred on the tax collector by statute."

The findings and rulings are, in respect to the questions here presented, adopted and approved.

The exceptions must be overruled.

*Exceptions overruled.*