STATE OF MAINE
*vs.*
INHABITANTS OF THE TOWN OF SWAN'S ISLAND

Hancock.  Opinion, November 3, 1952.

*George C. West,* for State.

*Blaisdell & Blaisdell,* for Defendants.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.   On report.   The State seeks by an action in a plea of the case to recover certain sums expended for aid to a dependent child under R. S., Chap. 22, Sec. 234 from the defendant town in which the State alleges the child had his legal settlement.   The defendant filed a brief statement as follows:

"And for special matters of defense to be pleaded with the general issue, the defendants say that reimbursement to the State for Aid to Dependent Children must be, if the defendant is delinquent, collected in the same manner and subject to the same penalties as State taxes as by statute Ch. 22, Sec. 234, and amendment."

The pertinent parts of Section 234 read:

"Sec. 234.   **Towns to be assessed.**   The state shall recover from the city, town, or plantation in which the child so aided has legal settlement, $\frac{1}{2}$ of the amount expended for aid to each dependent child, which shall be credited to the regular legislative appropriation for aid to dependent children; . . . Whenever it appears that a city, town, or plantation is delinquent in making reimbursements to the state, the amounts shall be collected by the state in the same manner and subject to the same penalties as state taxes.   Any balance due shall be assessed in the succeeding year in the same manner as other state taxes."

Amendments in 1949, Chap. 416, and in 1951, Chap. 266, Sec. 23, are not material.

The position of the State is that in the event of a disagreement between State and town the place of settlement can be determined only by an action in court brought by the State.   In its brief the State says: "If the town denies it is the town of settlement how else can the state recover except by court action?"   The State presses the argument that the place of settlement of the dependent child, born in 1938, is in the defendant town for the reason that the father emanci-

pated the child sometime between birth and the age of four years. If the child was not so emancipated, then admittedly the defendant town is not the place of settlement.

The father and mother were divorced in 1940. Custody of four minor children was granted to the mother but the child in question was not mentioned in the decree. Neither through further proceedings in the divorce action nor by other available civil or criminal process has there ever been, so far as we are told, a request upon the father to support his child, although no lack of ability on his part is shown.

We are faced, however, with a problem involving the recovery of money spent by the State for aid to a dependent child from a town where in fact neither father nor mother has lived since before the child was born. The defendant town sharply objects to the present action on the ground that it is not authorized by statute. Other objections relate to the necessity under R. S., Chap. 22 as amended of certain investigations and actions as a condition precedent to recovery, and to issues involving the pauper settlement of the father, the emancipation of the child, and the admissibility of evidence. The town and the State are agreed upon the amount of recovery in the event the town is liable.

In our view there is one principle decisive of the case; that is, that the State does not have a right of action at law to recover the funds expended. Section 234 quoted above creates the liability of the town and provides a remedy. The remedy so provided is exclusive.

In *Packard* v. *Tisdale*, 50 Me. 376, Chief Justice Appleton said: "The general rule is well established that the collector of taxes cannot compel their payment by suit except in those cases in which the right of action is given by statute." Justice Walton said in *Embden* v. *Bunker*, 86 Me. 313, 29 A. 1085, in denying recovery in an action upon a note given in payment of taxes: "Town officers cannot be allowed to dis-

regard the statutory modes of doing business and substitute ways of their own." In *Tozier* v. *Woodworth,* 135 Me. 46, at page 52, 188 A. 771, at page 774, Chief Justice Dunn quotes with approval from the decision of Justice Worster, presiding in the Superior Court, in an action upon a promise to pay taxes as follows: "but on the broader ground, that, in this State, a tax collector, as such cannot maintain an action except when empowered by the statute so to do, as held in *Packard* v. *Tisdale, supra.* No statute in this state confers upon a tax collector authority to bring such an action as this." *Cooley on Taxation,* 2nd Ed., page 16 says: "But, in general, the conclusion has been reached that when the statute undertakes to provide remedies, and those given do not embrace an action at law, a common law action for the recovery of the tax as a debt will not lie."

The State indeed admits that the statutes do not expressly give a right of action at law to recover state taxes. The State, however, is not without its remedy. There is ample provision for the collection of its taxes. Under R. S., Chap. 81, Sec. 72, for example, the State Treasurer may issue his warrant to the sheriff of the county to collect taxes from delinquent towns. In the act providing for assessment of the state tax for 1951-52 there is a similar provision for the issue of a warrant requiring the sheriff to levy upon the property of inhabitants of delinquent municipalities. In section 8 the act reads:

"Sec. 8. **School funds withheld from delinquent municipalities.** When any state tax assessed upon any city, town or plantation for the year 1951 remains unpaid, such city, town or plantation may be precluded from drawing from the state treasury the school funds set apart for such city, town or plantation so long as such tax remains unpaid." *P. & S. L. 1951, Ch. 213.*

Like provisions may be found in other acts for the assessment of state taxes, for example, *P. & S. L., 1949, Chap. 202;*

*P. & S. L., 1947, Chap. 181; P. & S. L., 1945, Chap. 133; P. & S. L., 1943, Chap. 89.*

The State says in substance that the action available to it under the statutes is unduly harsh. Let us, it says, first determine in court the place of settlement and when this fact is determined reimbursement will depend only upon the finding of the amount due. The difficulty with this reasoning is that it is not the course outlined by the legislature to govern the administration of the law. Proper officials of the State must determine the place of settlement and then take the necessary steps to secure the reimbursement to the State Treasury of the funds for which the municipality is responsible. The law will give sufficient protection to a municipality against unwarranted acts by officers of the State. If the town denies that it is the place of settlement, the question may be litigated at some proper stage of the proceedings. If the procedure presently provided by statute for the reimbursement of funds expended for aid to dependent children is not well adapted to existing conditions, the legislature, and not the court, should be requested to make the necessary or desirable changes.

It becomes unnecessary to consider the issues of emancipation, settlement or other questions raised by the parties.

*Judgment for defendants.*